**Abatement Order filed March 31, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00572-CV

_____

**RICHARD ALAN HAASE, Appellant**

**V.**

**ABRAHAM, WATKINS, NICHOLS, SORRELS AND FRIEND, LLP AND RANDY SORRELLS, Appellees**

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2011-17970**

---

## ABATEMENT ORDER

The reporter's record in this case was due October 20, 2014. *See* Tex. R. App. P. 35.1. On December 18, 2014, the official court reporter, Michelle Tucker, filed one volume of the reporter's record covering the hearing on appellant's motion for new trial on June 20, 2014. On February 5, 2015, appellant filed a motion for extension of time to file his brief until a supplemental reporter's record

from a hearing held March 28, 2014, has been filed. The court has been unable to confirm whether a record was made of a hearing held on or about March 28, 2104. Accordingly, on February 10, 2015, this court ordered Michelle Tucker, the official court reporter, to provide written responses or before February 20, 2015, to the following requests for information:

1. Did the trial court conduct a hearing in this case on or about March 28, 2014?

2. If so, was the hearing reported?

3. If the hearing was reported, was it reported by the official court reporter or a substitute court reporter?

4. If the hearing was reported by a substitute court reporter, identify the substitute reporter and provide his/her contact information.

If the requested hearing was reported, we further ordered Michelle Tucker to file, or ensure that the substitute reporter filed, a supplemental reporter's record from the hearing held on or about March 28, 2014, with the clerk of this court on or before March 6, 2015.

To date, Michelle Tucker has not responded to this court's order and the supplemental reporter's record has not been filed. The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. Tex. R. App. P. 35.3(c). In addition, the trial court must help ensure that the court reporter's work is timely accomplished by setting work priorities. Tex. R. App. P. 13.3. Accordingly, we issue the following order:

We order the appeal abated and direct the trial court to conduct a hearing at which the parties and the official court reporter Michelle Tucker are present to determine the following:

1. Did the trial court conduct a hearing in this case on or about March 28, 2014?

2. If so, was the hearing reported?

3. If the hearing was reported, was it reported by the official court reporter or a substitute court reporter?

4. If the hearing was reported by a substitute court reporter, identify the substitute reporter and provide his/her contact information.

5. Determine date certain, no later than 30 days after the hearing, that the supplemental reporter's record, if any, will be filed.

The trial court shall reduce its findings to writing and have them included in a supplemental clerk's record which shall be filed on or before **April 30, 2015.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental records ordered herein are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. Appellant's brief shall be due thirty days after the appeal is reinstated.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.